UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br><br>Plaintiff,<br><br>v.<br><br>TFORCE FINAL MILE, LLC, et al.,<br><br>Defendants. | Case No. 17-cv-06624-RS<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Defendant TForce Final Mile West, LLC challenges one portion of the assigned magistrate judge's "Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Production of Documents," dated October 17, 2018. (Dkt. No. 51). Plaintiff in this action is the Secretary of the Department of Labor. Defendants are TForce and On Courier 365, Inc. The complaint seeks to impose liability on defendants for allegedly violating the Fair Labor Standards Act with respect to drivers hired to deliver packages for the "Google Express" service.

The dispute is whether TForce must produce documents related to any drivers it may have directly hired to deliver packages for Google Express, as opposed to only those drivers that were hired by On Courier, which TForce contends it engaged as an "independent service provider." The challenged order requires TForce to produce responsive documents *both* as to drivers hired through On Courier *and* as to any drivers TForce may have directly hired for the Google Express service.

The parties agree, and the magistrate judge's order acknowledges, that the scope of

discovery is controlled by the allegations of the complaint. TForce insists the complaint only alleges FLSA violations with respect to drivers hired under its relationship with On Courier, and that the magistrate judge therefore erred in ordering production of documents related to any drivers it may have directly hired to do Google Express deliveries. TForce is not wrong that the primary focus of the complaint is on drivers as to whom TForce and On Courier are alleged to have been joint employers. The language of the complaint, however, is broad enough also to encompass claims arising from TForce's direct hire of drivers for Google Express deliveries.

If plaintiff were seeking documents relating to drivers hired jointly by TForce and some *other* "independent service provider," TForce might have a strong argument that because the complaint only mentions On Courier, it does not encompass claims relating to drivers hired through such other entity, under the principle of *expressio unius est exclusio alterius*. The complaint, however, plainly alleges hiring by both TForce and On Courier, and the emphasis on the scenario of drivers being hired by TForce through On Courier does not somehow exclude any circumstances where TForce hired directly.

A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Because TForce has shown no such error here, its objections to the order are overruled.

**IT IS SO ORDERED**.

Dated: November 8, 2018

_____
RICHARD SEEBORG
United States District Judge

CASE NO. 17-cv-06624-RS

2