JANET M. HEROLD, Regional Solicitor
BORIS ORLOV, Senior Trial Attorney (CA #223532)
KATHERINE E. CAMERON, Trial Attorney (WA #41777)
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Tel: (206) 757-6760
Fax: (206) 757-6761
Email: cameron.katherine.e@dol.gov
Attorneys for Eugene Scalia, Secretary,
United States Department of Labor

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,[1]<br><br>Plaintiff,<br><br>v.<br><br>TFORCE FINAL MILE WEST LLC, a Delaware company; and ON COURIER 365, INC., a California corporation,<br><br>Defendants. | Case No. 3:17-cv-06624 RS-SK<br><br>ORDER<br>**STIPULATION TO MODIFY CASE SCHEDULE** AS MODIFIED BY THE COURT<br><br>Complaint Filed:  November 16, 2017<br>Trial Date:  April 27, 2020 |

---

[1] Eugene Scalia was appointed Secretary of Labor effective September 30, 2019. Pursuant to Fed. R. Civ. P. 25(d) the caption has been changed to reflect the appointment

Plaintiff EUGENE SCALIA, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("Plaintiff") and Defendants TFORCE FINAL MILE WEST LLC ("TForce") and ON COURIER 365, INC. ("OC 365") (collectively, "the Parties"), submit this stipulated request for the Court to modify the schedule for good cause under Rule 16(b)(4). Good cause to modify the case schedule exists, for the following reasons:

1. On November 16, 2017, Plaintiff initiated this lawsuit by filing a complaint in this Court. ECF 1.

2. On March 22, 2018, the Court entered a Scheduling Order, following the initial Case Management Conference. ECF 40. The Order set trial for October 21, 2019. *Id.*

3. On October 17, 2018, Magistrate Judge Kim issued an order resolving various disputes between Plaintiff and Defendant TForce regarding the scope of discovery in this case. ECF 51. On November 8, 2018, the Court issued an order denying Defendant TForce's Motion for Relief from Nondispositive Pretrial Order relating to one portion of Magistrate Judge Kim's October 17, 2018 discovery order. ECF 56.

4. On January 31, 2019, the Parties submitted a stipulated request to modify the case schedule in order to accommodate Plaintiff's review of approximately 50,000 documents TForce had produced in discovery. ECF 30. That same day, the Court granted the stipulation, continued the trial to February 3, 2020, and modified the pre-trial and discovery deadlines accordingly. ECF 31.

5. On July 11, 2019, the Parties submitted a stipulated request to modify the case schedule in order to allow for production and review of a large volume of ESI containing delivery and payment details for hundreds of drivers at issue in this case. ECF 68. The Court granted the stipulation, continued the trial to April 27, 2020, and modified the pre-trial and discovery deadlines accordingly. ECF 69. In a separate order, the Court scheduled a Case Management Conference for January 16, 2020. ECF 71.

6. On September 26, 2019, and after several months of good faith collaboration among the Parties, Defendant TForce produced the large volume (over 1 million lines) of ESI data. After preliminary review, Plaintiff believe that significant amount of time is necessary to process and analyze the data to estimate the damages in this case. It is the Plaintiff's position that

because Defendants did not keep a record of hours worked, work hours in part have to be reconstructed from the dates and times drivers made deliveries.  In addition, Plaintiff served a subpoena on a third party, Google, LLC, for ESI delivery detail data for a period of time in which Defendants have represented that the ESI delivery data is not in their possession, custody, or control.  The Parties believe that significant amount of time is necessary for all Parties to process and analyze this additional data.   The current Settlement Conference date, discovery cutoff and expert disclosure deadlines leave insufficient time for them to complete this and other discovery in time for expert analysis.  Thus, good cause exists to modify the schedule.

      7.      Currently, the Parties are set to appear on October 28, 2019, at a Settlement Conference with Magistrate Judge Kandis Westmore.  The Parties are not able to meaningfully participate in the settlement conference without first completing preliminary damages assessments, and they are not currently in a position to complete these assessments.  Further, if the Parties are able to resolve their dispute at the Settlement Conference, they will avoid the substantial expense associated with expert reports and depositions.  Thus, the Parties wish to set the expert disclosure deadline after the Settlement Conference, and continue the trial and pre-trial dates accordingly.

NOW, THEREFORE, the Parties hereby stipulate and request that the Court modify the schedule to reflect the following dates:

a. Settlement Conference **on or before January 31, 2020,** based on Magistrate Judge Westmore's schedule.

b. Case Management Conference currently set for January 16, 2020, will be continued ~~to a date convenient for the Court~~.  February 20, 2020.

c. On or before **March 2, 2020**, the parties shall designate experts.

d. On or before **April 2, 2020**, the parties shall designate their supplemental and rebuttal experts.

e. On or before **April 10, 2020,** the Parties shall complete all non-expert discovery.

f. On or before **May 1, 2020**, the parties shall complete all discovery of expert witnesses.

g. All pretrial motions shall be heard no later than **June 11, 2020**, or as soon thereafter as the Court is available.

h. The final pretrial conference shall be held on **August 5, 2020**, or as soon thereafter as the Court is available.

i. Trial shall commence on a date set by the Court on or after **August ~~31~~ 24, 2020**, or as soon thereafter as the Court is available.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 10/7/19

_____
RICHARD SEEBORG
United States District Judge

Respectfully submitted,

DATE: October 4, 2019

| s/ Katherine E. Cameron | s/ Ellen Arabian-Lee | s/ Brian Berry |
|---|---|---|
| KATHERINE E. CAMERON | ELLEN C. ARABIAN-LEE | BRIAN D. BERRY |
| U.S. Department of Labor | Arabian-Lee Law Corp. | Ogletree Deakins Nash Smoak & Stewart, P.C. |
| Attorneys for the Secretary of Labor | Attorney for Defendant On Courier 365, Inc. | Attorney for Defendant TForce Final Mile West, LLC |