JANET M. HEROLD
Regional Solicitor
ANDREW J. SCHULTZ
Acting Counsel for FLSA
BORIS ORLOV
Senior Trial Attorney (CA #223532)
KATHRINE E. CAMERON
Trial Attorney (WA #41777)
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
300 Fifth Avenue, Suite 1120
Seattle, Washington 98104
Tel:  (206) 757-6760
Fax:  (206) 757-6761
Email:  Cameron.katherine.e@dol.gov

Attorneys for, Eugene Scalia, Secretary,
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE SCALIA, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,**<br>          Plaintiff,<br><br>v.<br><br>**TFORCE FINAL MILE WEST, LLC, a Delaware company; and ON COURIER 365, Inc., a California Corporation,**<br><br>          Defendants.<br>_____ | Case No.:  3:17-cv-06624-RS-SK<br><br>**CONSENT JUDGMENT AS TO DEFENDANT ON COURIER 365, INC.** |

Plaintiff Eugene Scalia, Secretary of Labor, U.S. Department of Labor ("Secretary"), and Defendant ON COURIER 365, INC. ("Defendant"), (collectively, "Parties") have agreed to

resolve the matters in controversy in this civil action[1] and agree to the entry of this Consent Judgment and Injunction ("Consent Judgment") as provided below.

**STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES**

    A.  The Secretary filed a Complaint in the above-captioned proceeding naming Defendant and alleging it violated provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5). Defendant has filed an answer to the Complaint.

    B.  Defendant admits that the Court has jurisdiction over the parties and the subject matter of this civil action and that venue lies in the Northern District of California.

    C.  Defendant agree herein to resolve all allegations of the Secretary's Complaint.

    D.  The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without contest.

    E.  Defendant represents that it and all individuals and entities acting on its behalf or at their direction and any individual, entity, or corporation with ownership or managerial authority over Defendant have notice of, and understand, the provisions of this Consent Judgment.

    F.  Defendant admits that it is an employer covered and subject to the FLSA.

    G.  In May 2016, Defendant converted all of its drivers from independent contractors to employees. Defendant agrees that it will continue to classify all of its drivers as employees and afford such individuals all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Act.

//

//

---

[1] This settlement and consent judgment only resolves the allegations against On Courier 365 arising out of its TForce/Dynamex contract and does not resolve and expressly excludes any other Department of Labor investigations. Specifically, an investigation by the Wage and Hour Division, Sacramento District Office of On Courier 365 Sacramento location, Case Id. 1868095 is excluded from this settlement and consent judgment.

CONSENT JUDGMENT RE: ON COURIER 365, Inc.
*Scalia v. TForce Final Mile West, LLC, et al.* (3:17-CV-06624 RS-SK)

2

**JUDGMENT AND PERMANENT INJUNCTION**

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendant, its officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with it, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Contrary to the FLSA, failing to classify any drivers as non-exempt employees who shall enjoy all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Act.
2. Contrary to Sections 6 and 15(a)(2) of the FLSA, paying any of its drivers or other employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the operative minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).
3. Contrary to Sections 7 and 15(a)(2) of the FLSA, paying any of its drivers or other employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek.
4. Contrary to Sections 11(c) and 15(a)(5) of the FLSA, failing to make, keep, and preserve records of its drivers or other employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each driver, the hours worked each day and each workweek, the driver's regular hourly rate of pay, total daily or weekly straight time

earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the drivers' earnings along with a description of the basis/reason and method of calculation of the deduction;

5. Contrary to Section 15(a)(3) of the FLSA, discharging; threatening to discharge, lay off, reduce the work schedule or wages, intimidate; or in any other manner discriminating against any driver or other employee as a result of this litigation or because such driver or employee has filed any complaint under or related to the FLSA or has spoken or provided information to the Secretary's representatives in connection with this litigation or participated in or received a distribution from the proceeds of this action;

6. Requesting, soliciting, suggesting, or coercing, directly, or indirectly, any driver to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, or the FLSA; or

7. Withholding payment of $55,000, which constitutes the back wages agreed to be due to the present and former drivers, who are identified by name, driver number, periods of employment, and amounts owed in Exhibit 1, attached hereto.

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendant in the amount of $110,000.  Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

8. Defendant shall not withhold payment of $55,000 in minimum wage and overtime pay hereby due under the FLSA and this Judgment, to individuals on Exhibit 1. Liquidated damages in the amount of $55,000 are hereby due and will be paid under the FLSA by the Defendant. Defendant shall make the payments set forth on the attached Exhibit 2. The first payment due on March 15, 2020 shall have the Defendant's name and "BWs" or "LDs" written on it as indicated on Exhibit 2, payable to the order of the "Wage and Hour Div., Labor."  Each subsequent payment shall have the Defendant's name and "BWs" or "LDs" written on each, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2.

9. In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by certified mail a written demand to the Defendant at the address set forth in paragraph 10.

10. Prior to sending the written demand, the Secretary shall send a notice of default by certified mail to Defendant and Defendant's attorney Ellen C. Arabian-Lee as follows:

> Ellen C. Arabian-Lee
> Arabian-Lee Law Corporation
> 1731 East Roseville Parkway, Suite 150
> Roseville, CA 95661
> ellen@arabian-leelaw.com
>
> On Courier 365, Inc.
> David Safie Khateeb
> 1431 Doolittle Drive
> San Leandro, CA  94577

The notice of default shall give notice that payment was not received by the Secretary and shall grant defendant fourteen (14) calendar days to cure the default.  If payment is not received by the Secretary within fourteen (14) calendar days of the notice of default, the Secretary can commence enforcement of this Judgment.

11. The Secretary shall distribute the proceeds from the checks described in paragraph 8 in the amounts set forth in operative Exhibit l to the employees identified therein, or if necessary, to the employees' estates.  Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of the checks, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

12. Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with it, shall not in any way directly or indirectly, demand,

require or accept any of the back wages or liquidated damages from the individuals listed on the operative Exhibit 1. Defendant shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject Defendant to equitable and legal damages, including punitive damages and civil contempt.

13. Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with Defendant, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject Defendant to equitable and legal damages, including punitive damages and civil contempt.

## FURTHER, IT IS HEREBY ORDERED THAT

14. The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 or Amended Exhibit 1, nor as to any employee named on the attached Exhibit 1 or the Amended Exhibit 1 for any period not specified therein, nor as to any employer other than On Courier 365, Inc.;

15. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended;

16. This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.

IT IS SO ORDERED


Dated  February 26   , 2020


_____
United States District Judge

For Defendant,

ON COURIER 365, INC.,

_____
SAFIE KHATEEB
Title: CFO


Approved as to form,

ARABIAN-LEE LAW CORPORATION

_____
ELLEN ARABIAN-LEE, ESQ.

KATE O'SCANNLIAN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

_____
KATHERINE E. CAMERON
Trial Attorney

Attorneys for the Plaintiff
U.S. Department of Labor

# EXHIBIT 1

| Last Name | First Name | Driver Number | Start Period | End Period | Total Backwages | Liquidated Damages | Total |
|---|---|---|---|---|---|---|---|
| Abdullah | Zohaib | 3650I7 | 9/13/2015 | 10/10/2015 | $30.15 | $ 30.15 | $60.30 |
| Abebe | Mengistu M | 3650A | 2/15/2015 | 4/23/2016 | $2,538.49 | $ 2,538.49 | $5,076.97 |
| Ali | Amjad | 3650P2t | 2/14/2016 | 6/4/2016 | $809.42 | $ 809.42 | $1,618.85 |
| Ali | Amjad | 3650D5t | 5/24/2015 | 2/13/2016 | $500.16 | $ 500.16 | $1,000.31 |
| Ameen | Arshad | 3650L5 | 12/20/2015 | 6/4/2016 | $172.96 | $ 172.96 | $345.93 |
| Andar | Najibullah | 3650J9 | 10/25/2015 | 3/26/2016 | $347.18 | $ 347.18 | $694.37 |
| Azam | Faisal Mohammad | 3650M8t | 2/14/2016 | 2/27/2016 | $16.07 | $ 16.07 | $32.14 |
| Bakar | Muwafaq Ahmed Yaseen | 3650Qt | 3/15/2015 | 4/25/2015 | $169.99 | $ 169.99 | $339.99 |
| Baldivas | Danilo S | 3650A15t | 4/26/2015 | 12/19/2015 | $733.98 | $ 733.98 | $1,467.97 |
| Compuesto | Buenmar Raqueno | 3650J | 3/29/2015 | 5/23/2015 | $93.08 | $ 93.08 | $186.16 |
| De Oliveira | Mauro Jorge | 3650I6t | 9/13/2015 | 9/26/2015 | $10.25 | $ 10.25 | $20.50 |
| Dominguez | Roberto Carlos | 3650B9 | 4/26/2015 | 5/9/2015 | $26.23 | $ 26.23 | $52.47 |
| Erena | Girma Kebede | 3650R | 3/15/2015 | 6/18/2016 | $451.03 | $ 451.03 | $902.05 |
| Fahim | Mohammad | 3650A13 | 4/12/2015 | 9/12/2015 | $876.90 | $ 876.90 | $1,753.80 |
| Fahim | Abdul | 3650J1 | 10/11/2015 | 5/7/2016 | $722.02 | $ 722.02 | $1,444.04 |
| Garcia | Andres | 3650C5 | 5/24/2015 | 10/10/2015 | $255.45 | $ 255.45 | $510.89 |
| Godinez | Anahi Alcazar | 3650G3 | 8/16/2015 | 8/29/2015 | $95.14 | $ 95.14 | $190.28 |
| Grigsby | Myesha O | 3650A7t | 10/11/2015 | 5/7/2016 | $136.46 | $ 136.46 | $272.93 |
| Hanif | Abdul | 3650M5 | 1/31/2016 | 7/2/2016 | $1,351.08 | $ 1,351.08 | $2,702.15 |
| Hotakey | Mohammad Zakaria | 3650C8 | 5/10/2015 | 10/10/2015 | $1,051.74 | $ 1,051.74 | $2,103.48 |
| Hudson | Debbie Lynn | 3650Lt | 3/1/2015 | 5/23/2015 | $25.73 | $ 25.73 | $51.45 |
| Islam | MD Rafiqul | 3650N | 3/29/2015 | 5/9/2015 | $34.00 | $ 34.00 | $67.99 |
| Jan | Javid | 3650E9 | 7/19/2015 | 8/15/2015 | $37.75 | $ 37.75 | $75.50 |
| Karaman | Garip A | 3650Bt | 3/1/2015 | 6/6/2015 | $532.02 | $ 532.02 | $1,064.04 |
| Khan | Nida | 3650I2 | 1/3/2016 | 1/30/2016 | $29.59 | $ 29.59 | $59.18 |
| Khenjany | Abdul Wahed | 3650K8t | 11/8/2015 | 2/13/2016 | $752.16 | $ 752.16 | $1,504.33 |
| Kuar | Manjeet | 3650E4 | 8/2/2015 | 9/26/2015 | $5.82 | $ 5.82 | $11.63 |
| Lam | Vinh The | 3650A16 | 4/12/2015 | 7/16/2016 | $4,344.65 | $ 4,344.65 | $8,689.30 |
| Latif | Sayed | 3650F3t | 6/21/2015 | 9/26/2015 | $337.66 | $ 337.66 | $675.32 |
| Lieman | Samuel | 3650B7 | 6/7/2015 | 3/26/2016 | $1,401.96 | $ 1,401.96 | $2,803.92 |
| Ludovice | John | 3650J2 | 9/27/2015 | 10/24/2015 | $25.54 | $ 25.54 | $51.09 |
| Malek | Syed Mustafa | 3650V | 4/12/2015 | 5/9/2015 | $27.55 | $ 27.55 | $55.11 |
| Massoud | Khaja | 3650K5 | 11/8/2015 | 3/26/2016 | $804.80 | $ 804.80 | $1,609.60 |
| Mirnezami | Seyedhamed | 3650C | 3/15/2015 | 9/12/2015 | $390.83 | $ 390.83 | $781.66 |
| Mominzada | Abdul Razaq | 3650P | 5/24/2015 | 11/7/2015 | $977.46 | $ 977.46 | $1,954.93 |
| Montanez | Teresa Marie | 3650M4t | 1/17/2016 | 5/21/2016 | $735.69 | $ 735.69 | $1,471.38 |
| Montes | Miguel | 3650Ut | 3/15/2015 | 5/21/2016 | $3,437.29 | $ 3,437.29 | $6,874.59 |
| Moreno | Arnoldo Jose De Leon | 3650G1 | 9/13/2015 | 11/7/2015 | $260.29 | $ 260.29 | $520.59 |
| Oliveira | Zelia R | 3650I1 | 11/22/2015 | 1/30/2016 | $168.19 | $ 168.19 | $336.37 |
| Ruiz | Jose Angel | 3650N1t | 1/31/2016 | 5/21/2016 | $603.98 | $ 603.98 | $1,207.96 |
| Ruknddin | FNU | 3650K1 | 3/13/2016 | 6/4/2016 | $30.15 | $ 30.15 | $60.30 |
| Sadat | Sayed F | 3650D4t | 5/24/2015 | 1/2/2016 | $2,192.89 | $ 2,192.89 | $4,385.78 |
| Saiyed | Rifakathusen Gulamhusen | 3650I5t | 9/13/2015 | 2/27/2016 | $1,352.15 | $ 1,352.15 | $2,704.29 |
| Salman | Oday | 3650Mt | 3/15/2015 | 7/4/2015 | $187.40 | $ 187.40 | $374.80 |
| Santoyo | Gustavo Enrique | 3650A9 | 4/12/2015 | 6/4/2016 | $1,745.62 | $ 1,745.62 | $3,491.24 |

| Last Name | First Name | ID | Date 1 | Date 2 | Amount 1 | Amount 2 | Total |
|---|---|---|---|---|---|---|---|
| Scott | Laquisha Denise | 3650A2t | 3/29/2015 | 5/21/2016 | $2,160.25 | $ 2,160.25 | $4,320.50 |
| Senturk | Ilker | 3650A1 | 3/15/2015 | 7/4/2015 | $932.80 | $ 932.80 | $1,865.61 |
| Seyoum | Eyob | 3650Y | 3/29/2015 | 10/24/2015 | $1,177.72 | $ 1,177.72 | $2,355.43 |
| Shaukat | Usama | 3650K7t | 11/8/2015 | 2/27/2016 | $696.83 | $ 696.83 | $1,393.65 |
| Sheth | Shailesh Yashwan | 3650M1t | 12/20/2015 | 5/21/2016 | $1,397.44 | $ 1,397.44 | $2,794.88 |
| Singh | Vikramjit | 3650B1 | 4/12/2015 | 6/4/2016 | $3,397.59 | $ 3,397.59 | $6,795.18 |
| Singh | Rupinder | 3650B2 | 4/12/2015 | 6/4/2016 | $3,208.05 | $ 3,208.05 | $6,416.10 |
| Singh | Gaganjit | 3650J8 | 10/11/2015 | 7/16/2016 | $2,244.15 | $ 2,244.15 | $4,488.29 |
| Singh | Ajmer | 3650F9 | 8/2/2015 | 6/18/2016 | $2,079.63 | $ 2,079.63 | $4,159.26 |
| Singh | Amarjit | 3650M3t | 1/17/2016 | 5/7/2016 | $832.80 | $ 832.80 | $1,665.60 |
| Singh | Ranvir | 3650N2t | 1/31/2016 | 6/4/2016 | $821.75 | $ 821.75 | $1,643.50 |
| Singh | Gurpartap | 3650N6t | 2/14/2016 | 5/7/2016 | $497.75 | $ 497.75 | $995.50 |
| Singh | Chandan | 3650C4 | 5/10/2015 | 6/6/2015 | $144.07 | $ 144.07 | $288.14 |
| Soriano | John Paul Torio | 3650St | 3/15/2015 | 4/9/2016 | $1,223.51 | $ 1,223.51 | $2,447.02 |
| Torres | Michael Elizan | 3650A12 | 4/12/2015 | 5/23/2015 | $242.98 | $ 242.98 | $485.96 |
| Vasquez | Jose Gustavo Virgen | 3650A11t | 4/12/2015 | 8/1/2015 | $737.50 | $ 737.50 | $1,475.00 |
| Velazquez | Claudia Lorena | 3650E8 | 7/19/2015 | 6/4/2016 | $1,220.36 | $ 1,220.36 | $2,440.71 |
| Wilson | Drake Edward | 3650A4 | 4/12/2015 | 6/18/2016 | $1,155.88 | $ 1,155.88 | $2,311.76 |
| | | | | | **$55,000.00** | **$ 55,000.00** | **$110,000.00** |

# EXHBIT 2

| Payment No. | Payment Date | Payment | Principal | Interest | |
|---|---|---|---|---|---|
| 1 | 3/15/2020 | $ 6,519.23 | $ 6,513.81 | $ 5.42 | Liquidated Damages & Interest |
| 2 | 4/1/2020 | $ 6,519.23 | $ 6,427.56 | $ 91.67 | Liquidated Damages & Interest |
| 3 | 5/1/2020 | $ 6,519.23 | $ 6,432.92 | $ 86.31 | Liquidated Damages & Interest |
| 4 | 6/1/2020 | $ 6,519.23 | $ 6,438.28 | $ 80.95 | Liquidated Damages & Interest |
| 5 | 7/1/2020 | $ 6,519.23 | $ 6,443.64 | $ 75.58 | Liquidated Damages & Interest |
| 6 | 8/1/2020 | $ 6,519.23 | $ 6,449.01 | $ 70.21 | Liquidated Damages & Interest |
| 7 | 9/1/2020 | $ 6,519.23 | $ 6,454.38 | $ 64.84 | Liquidated Damages & Interest |
| 8 | 10/1/2020 | $ 6,519.23 | $ 6,459.76 | $ 59.46 | Liquidated Damages & Interest |
| 9 | 11/1/2020 | $ 6,519.23 | $ 6,465.15 | $ 54.08 | Liquidated Damages & Interest |
| 10 | 12/1/2020 | $ 6,519.23 | $ 6,470.53 | $ 48.69 | BWs, LDs & Interest |
| 11 | 1/1/2021 | $ 6,519.23 | $ 6,475.93 | $ 43.30 | Backwages & Interest |
| 12 | 2/1/2021 | $ 6,519.23 | $ 6,481.32 | $ 37.90 | Backwages & Interest |
| 13 | 3/1/2021 | $ 6,519.23 | $ 6,486.72 | $ 32.50 | Backwages & Interest |
| 14 | 4/1/2021 | $ 6,519.23 | $ 6,492.13 | $ 27.10 | Backwages & Interest |
| 15 | 5/1/2021 | $ 6,519.23 | $ 6,497.54 | $ 21.69 | Backwages & Interest |
| 16 | 6/1/2021 | $ 6,519.23 | $ 6,502.95 | $ 16.27 | Backwages & Interest |
| 17 | 7/1/2021 | $ 6,519.23 | $ 6,508.37 | $ 10.85 | Backwages & Interest |
| TOTAL | | $110,826.91 | $ 110,000.00 | $ 826.91 | |