UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE SCALIA,

    Plaintiff,

    v.

TFORCE FINAL MILE, LLC, et al.,

    Defendants.

Case No. 17-cv-06624-RS

**ORDER CLARIFYING PLAINTIFF'S OBLIGATION TO IDENTIFY TRIAL WITNESSES**

This is an independent contractor misclassification case under the Fair Labor Standards Act. Plaintiff Secretary of Labor ("the Secretary") seeks to recover wages for hundreds of drivers who delivered products for defendant TForce Final Mile West, LLC. TForce demands the Secretary to disclose his trial witness list, either pursuant to a supplementation of his initial disclosure obligations or as a further response to a special interrogatory TForce propounded.

The parties presented their dispute to the assigned magistrate judge, who ruled that the Secretary must provide further responses at this juncture. The Secretary seeks relief from the magistrate judge's order, contending that the privilege in maintaining the anonymity of its "informants" outweighs any need TForce may have for their identities at this stage in the litigation. The Secretary offers to disclose its trial witnesses 75 days prior to trial, which is 45 days earlier than the ordinary deadline for doing so. Trial is presently set for August 24, 2020.

TForce points out that the Secretary's proposal would result in the witness list not being

1  disclosed until after deadlines for designating experts, completing non-expert discovery, and filing

2  dispositive motions have passed. The Secretary, in turn, argues that TForce already knows the

3  identity of all its drivers, and all the facts and documents on which the Secretary intends to rely.

4      Against this backdrop, the magistrate judge carefully and appropriately considered and

5  balanced the competing interests. The conclusion that the Secretary is not entitled to withhold the

6  identities of any TForce employees, present or former, that he intends to call at trial until some

7  arbitrary date prior to trial is sound. While the Secretary points to *In re Perez*, 749 F.3d 849 (9th

8  Cir. 2014) as demonstrating the importance of maintaining the privilege for government

9  informants in cases like these, *Perez* did not involve a dispute over disclosure of witnesses who

10 were to testify at trial, at which point the privilege necessarily gives way.

11     The magistrate judge correctly concluded this was fundamentally a dispute over *timing*, not

12 the scope of applicability of the privilege. Her determination that the Secretary should disclose his

13 known trial witnesses now, rather than later, is an appropriate recognition of TForce's discovery

14 rights that does not unduly undermine the interests behind the privilege.

15     That said, the magistrate judge's order must be read in light of the principle that a party's

16 discovery obligations are to disclose relevant information that it possesses, and generally do not

17 require it to *create* information that does not yet exist. In briefing to the magistrate judge, the

18 Secretary did not distinctly point out a fact on which he now relies, namely that has not yet

19 formulated a list of trial witnesses out of the approximately 100 current or former employees with

20 whom he has communicated, nor has he received commitments to testify. The Secretary's failure

21 to articulate this issue clearly in prior briefing, however, does not rise to a waiver.

22     TForce knows the identity of all the persons in the pool from which the witnesses will be

23 drawn, and has copies of all the statements the Secretary has collected, redacted only to protect

24 identifying information. TForce is entitled through discovery to learn relevant information that is

25 in the Secretary's possession, but discovery is not the tool by which the Secretary can be forced to

26 make its strategic decisions about who it intends to call as witnesses.

27     Accordingly, pursuant to the magistrate judge's order, the Secretary shall within 10 days of

28

the date of this order disclose the identity of any and all trial witnesses he presently intends to call, including but not limited to any persons from whom he has secured a commitment to testify. As the Secretary identifies additional persons he intends to call, he shall provide that information on a rolling basis. The Secretary shall complete his intended witness list no later than 75 days before trial. Discovery may be reopened for the purpose of taking the deposition of any witnesses the Secretary may identify after the close of discovery.

**IT IS SO ORDERED**.

Dated: 3/16/2020

_____
RICHARD SEEBORG
United States District Judge